IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-11-BO

| | |
|---|---|
| LORIE ANN GAULT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 13, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on January 6, 2011, alleging disability since August 1, 2007. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's fibromyalgia, degenerative disc disease, aortic aneurysm, affective disorder, and somatoform disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with exertional and nonexertional limitations. The ALJ found that plaintiff could not return to her past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform through her date last insured. Thus, the ALJ determined that plaintiff was not disabled.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). When determining plaintiff's RFC, the ALJ failed to consider her bilateral carpal tunnel syndrome, either as a severe impairment or a non-severe impairment, though the record supports that plaintiff suffered from such condition. *See* SSR 96-8p (ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe" when making RFC finding); Tr. 308; 363; 803. Because of the impact a bilateral wrist impairment could have on plaintiff's ability to perform work in the national economy, the ALJ's failure to discuss this impairment renders infirm his RFC finding. *Tarpley v. Astrue*, No. 5:08-CV-271-FL, 2009 WL 1649774, at *2 (E.D.N.C. June 1, 2009) (agreeing with other courts that have found it is not reversible error where an ALJ does not consider an impairment at step two "provided the ALJ considered the impairment in subsequent steps of the sequential evaluation.").

The ALJ further erred by relying on the Medical-Vocational Rules (grids) to find plaintiff to be not disabled. In so doing, the ALJ expressly found, after considering each independently, that neither the postural limitations nor nonexertional limitations in his RFC significantly eroded the universe of work, and that reliance on the grids was therefore appropriate. Where impairments are either nonexertional or a combination of nonexertional and exertional, the Medical Vocational Guidelines cannot be used to support a finding that a claimant is "not disabled." 20 C.F.R. 404.1569a(d). Because plaintiff's RFC included *both* exertional and nonexertional limitations, even if the nonexertional limitations alone did not significantly erode the universe of work, remand is necessary for the ALJ to consult a vocational expert in assessing whether jobs exist that plaintiff can perform.

4

Because the ALJ failed to thoroughly consider plaintiff's severe and non-severe impairments and because the ALJ failed to consult a vocational expert, review of the ALJ's decision is not meaningful and remand is appropriate. *Radford v. Colvin*, 734 F.3d 288, 295-296 (4th Cir. 2013). On remand, the ALJ should also expressly consider the lay testimony of plaintiff's husband, whose statements bolster plaintiff's credibility regarding her pain and other limitations. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony is "competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 21] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __26__ day of January, 2015.

TERRENCE W. BOYLE  
UNITED STATES DISTRICT JUDGE